## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANCISCO ESPARZA, on behalf of himself and
all others similarly situated,
c/o Handley Farah & Anderson PLLC
777 6th Street NW
Eleventh Floor
Washington, DC 20001

YOLANDA VALLE, on behalf of herself and all
others similarly situated.
c/o Handley Farah & Anderson PLLC
777 6th Street NW
Eleventh Floor
Washington, DC 20001

Civil Action No.: 1:19-cv-03481

*Plaintiffs*,

Class and Collective Action Complaint

v.

ANNING-JOHNSON CO
1959 Anson Drive
Melrose Park, Illinois 60160

Service at:
Corporation Service Company
1090 Vermont Avenue NW
Washington, DC 20005

HITT CONTRACTING, INC.
2900 Fairview Park Drive
Falls Church, VA 22042

Service at:
Corporation Service Company
1090 Vermont Avenue NW
Washington, DC 20005

*Defendants*.

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      This is an action for unpaid wages, unpaid overtime, and workplace fraud under Federal and District of Columbia law.  Plaintiffs Francisco Esparza and Yolanda Valle, on behalf of themselves and all other similarly situated individuals, by and through their undersigned attorneys, bring this action against Defendants Anning-Johnson Company and Hitt Contracting, Incorporated, for failing to pay their employees legally mandated wages in violation of Section 16(b) of the Federal Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, the District of Columbia's Minimum Wage Act ("MWA"), D.C. Code § 32-1001, *et. seq.*, the District of Columbia's Wage Payment and Collection Law ("WPCL"), D.C. Code § 32-1301 *et. seq.*, and for improperly classifying their employees as independent contractors in violation of the District of Columbia's Workplace Fraud Act ("WFA"), D.C. Code § 32.1331.01 *et. seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

3.      A substantial part of the events giving rise to the claims occurred in the District of Columbia, therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff Francisco Esparza was employed as a construction worker in the District of Columbia metropolitan area.  In 2019, he was employed by Brothers RC Contractor LLC ("Brothers") and Defendant Anning-Johnson Company ("Anning-Johnson") to work on construction projects in Washington, DC and Virginia.

5.      Plaintiff Yolanda Valle was employed as a construction worker in the District of Columbia metropolitan area.  In 2019, she was employed by S & R Construction LLC ("S & R Construction") and Defendant Anning-Johnson to work on construction projects in Washington, DC and Virginia.

6.      Defendant Anning-Johnson Company is a Delaware corporation that provides specialty construction services in multiple markets across the United States.  Anning-Johnson provides construction services in the District of Columbia metropolitan area through its office located in Lorton, Virginia.  Anning-Johnson's principal office is in Melrose Park, Illinois.

7.      Defendant Hitt Contracting Incorporated ("Hitt") is a Virginia-based general contractor that provides construction services nationwide, including in the District of Columbia metropolitan area. Hitt's principal office is located in Falls Church, Virginia.

## FACTUAL ALLEGATIONS

8.      Defendant Hitt was the general contractor responsible for a construction project at the United States Agency for International Development at 500 D Street SW in Washington DC (the "USAID Project").

3

9.     Defendant Hitt subcontracted some of its construction work on the USAID Project to Defendant Anning-Johnson.

10.     Defendant Anning-Johnson subcontracted some of its construction work on the USAID Project to Brothers.

11.     Defendant Hitt was the general contractor responsible for a construction project at General Dynamics at 11011 Sunset Hills Road in Reston, Virginia (the "General Dynamics Project").

12.     Defendant Hitt subcontracted some of its work on the General Dynamics Project to Defendant Anning-Johnson.

13.     Defendant Anning-Johnson subcontracted some of its work on the General Dynamics Project to S & R Construction and Brothers.

14.     Defendant Hitt was the general contractor responsible for a construction project at the Digital Reality Data Center at 44751 Round Table Place, Ashburn Virginia 20147. (the "Data Center Project."

15.     Defendant Hitt subcontracted some of its work on the Data Center Project to Defendant Anning-Johnson.

16.     Defendant Anning-Johnson subcontracted some of its work on the Data Center Project to S & R Construction.

17.      Defendant Hitt was the general contractor responsible for a construction project at the Covington & Burling located at 800 10th Street NW, Washington DC 20001 (the "Covington & Burling Project").

18.     Defendant Hitt subcontracted some of its work on the Covington & Burling Project to Defendant Anning-Johnson.

19.     Defendant Anning-Johnson subcontracted some of its work on the Covington & Burling Project to S & R Construction.

20.     During 2019, Plaintiff Esparza and other similarly situated individuals performed construction work for Defendants at the USAID Project.  Plaintiff Esparza and other similarly situated individuals performed their work at the direction of Defendants.

21.     During 2019, Plaintiffs Esparza and Valle and other similarly situated individuals performed construction work for Defendants at the General Dynamics Project.  Plaintiffs Esparza and Valle and other similarly situated individuals performed their work at the direction of Defendants.

22.     During 2019, Plaintiff Valle and other similarly situated individuals performed construction work for Defendants at the Data Center Project.  Plaintiff Valle and other similarly situated individuals performed their work at the direction of Defendants.

23.     During 2019, Plaintiff Valle and other similarly situated individuals performed construction work for Defendants at the Covington & Burling Project.  Plaintiff Valle and other similarly situated individuals performed their work at the direction of Defendants.

24.     Defendants Anning-Johnson and Hitt are liable to Plaintiffs because an employer-employee relationship existed between Plaintiffs and Defendants.  An employer-employee relationship existed because either (1) each Defendant directly controlled the work of each Plaintiff, including by assigning work tasks to each Plaintiff and setting each Plaintiff's hours or (2) each Plaintiff's work was controlled by a subcontractor of each Defendant, which in turn controlled the work of each Plaintiff, including by assigning work tasks to each Plaintiff and setting each Plaintiff's hours.  To the extent that any Defendant is not liable as a direct and conventional common-law employer of each Plaintiff and other similarly situated individuals,

such Defendant is liable because a subcontractor of such Defendant was an employer of each Plaintiff and other similarly situated individuals.

25.     Defendants controlled and directed Plaintiffs' services while Plaintiffs and other similarly situated individuals were employed by Defendants.  The work Plaintiffs and other similarly situated individuals performed was within the usual course of Defendants' construction and contracting businesses.  Plaintiffs and other similarly situated individuals were not engaged in work that is customarily an independently established trade, and Plaintiffs and other similarly situated individuals were not exempt employees.

26.     While employed by Defendants at the Project, Defendants treated Plaintiffs and other similarly situated individuals as independent contractors, when in fact they were employees.

27.     For example, when Defendants compensated Plaintiffs and other similarly situated individuals, the checks did not contain proper payroll deductions.

28.     For example, when Plaintiffs and other similarly situated individuals worked in excess of forty hours per week, they were not paid at a rate of time and a half their regular rate for such overtime work.

29.     As the general contractor or the subcontractor that employed Plaintiffs, Defendants are jointly and severally liable for the unpaid wages of Plaintiffs and other similarly situated individuals under the laws of the District of Columbia.

## COLLECTIVE ACTION ALLEGATIONS

30.     This action is maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and DC Code § 32-1308.

31.     Defendants failed to pay the Plaintiffs and all others similarly situated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, as required by the FLSA, MWA, and WPCL.

32.     Defendants improperly classified Plaintiffs and other similarly situated individuals as independent contractors instead of employees, in violation of the WFA.

33.     Defendants' conduct was willful, repeated, knowing, and intentional.

34.     This action can, and should, be maintained as a collective action for all claims to unpaid overtime compensation, liquidated damages, and misclassification of employees as independent contractors that can be redressed under the FLSA, MWA, WPCL, and WFA.

35.     Plaintiffs seek certification of these claims as a collective action on behalf of all individuals who performed construction work for Defendants Anning-Johnson & Hitt in Washington, D.C. or Virginia.

36.     Members of the proposed collective action are similarly situated.

37.     Members of the proposed collective action have been subjected to the same or substantially the same pay policies and practices.

38.     Members of the proposed collective action have been subjected to the same or substantially the same policy or practice that required or permitted them to perform work in excess of 40 hours per workweek for the benefit of Defendants, without compensating such time at the premium rate of one-and-a-half times the base rate of pay.

39.     Members of the proposed collective action have been subjected to the same or substantially the same policy or practice that required or permitted them to perform work for Defendants' benefit without compensation at their required hourly rate.

40.     The identities of the members of the proposed collective action are known to

Defendants and can be located through Defendants' records.

41.     These individuals would benefit from the issuance of Court-supervised Notice and the opportunity to join this lawsuit.

42.     Plaintiffs and the members of the proposed collective action should therefore be permitted to pursue their claims collectively on their own behalf and on behalf of all past and present non-exempt employees of Defendants working on the Project who, while working for Defendants, were not paid one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek and who were misclassified as independent contractors instead of employees, at any time from the earliest date actionable under the limitations period applicable to the given claim until the date of judgment.

43.     Plaintiffs hereby consent to be party plaintiffs in this action under the FLSA.

## CLASS ACTION ALLEGATIONS

44.     Pursuant to D.C. Rule of Civil Procedure 23 and DC Code § 32–1308, Plaintiffs bring class-action claims for unpaid wages (including overtime compensation) under the MWA the WPCL, and the WFA.

45.     Plaintiffs bring these class-action claims on behalf of themselves and all other individuals who: 1) were paid less than one and one half times their regular hourly rate of pay for hours worked over 40 in a week; 2) were employed by Defendant Anning-Johnson or a subcontractor of Anning-Johnson and 3) performed construction work for Defendants Anning-Johnson & Hitt in Washington, D.C. during such employment; at any time from the earliest date actionable under the limitations period applicable to given claim until the date of judgment. ("Proposed Rule 23 Class").

46.     Members of the Proposed Rule 23 Class are readily ascertainable. The identity of

class members may be determined from Defendants' records.

47.     The Proposed Rule 23 Class meets all the requirements of Rule 23(a) and (b)(3):

a. Numerosity: Upon information and belief, there are at least 40 persons who worked for Defendants in the District of Columbia and have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

b. Commonality: Plaintiffs and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

i.      Whether Defendants are employers and/or joint employers of Plaintiffs and members of the Proposed Rule 23 Class;

ii.     Whether Defendants failed or refused to pay Plaintiffs and members of the Proposed Rule 23 Class wages at overtime premium rates for all time worked in excess of 40 hours per week;

iii.    Whether Defendants' failure or refusal to pay such compensation at overtime-premium rates violated the MWA and WPCL;

iv.     Whether Defendants' failure or refusal to pay compensation at overtime-premium rates was willful;

v.      Whether Defendants misclassified Plaintiffs and members of the proposed Rule 23 Class as independent contractors;

vi.     Whether Defendants' misclassification of Plaintiffs and members of the proposed Rule 23 Class violated the WFA.

9

c. Typicality: Plaintiffs and members of the Proposed Rule 23 Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subjected to the same compensation practices by Defendants, as alleged herein, and were denied payment at premium rates for all time worked over 40 hours per week and misclassified as independent contractors. Plaintiffs' claims are therefore typical of the claims that could be brought by any member of the Proposed Rule 23 Class, and the relief sought is typical of the relief that could be sought by each member of the Proposed Rule 23 Class in separate actions.

d. Adequacy of Representation: Plaintiffs are able to fairly and adequately protect the interests of all members of the Proposed Rule 23 Class, as they are challenging the same practices as the Proposed Rule 23 Class as a whole, and there are no known conflicts of interest between Plaintiffs and the members of the Proposed Rule 23 Class. Plaintiffs have retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class-action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues. A class action is superior to individual adjudications of this controversy. Pursuit of this action as a class would provide an efficient mechanism for adjudicating the claims of Plaintiffs and the members of the Proposed Rule 23 Class.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME
### (Against Defendant Anning-Johnson)

48.     Plaintiffs re-allege and incorporates by reference the allegations set forth in the preceding paragraphs.

49.     The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq*, requires employers to pay non-exempt employees an overtime premium of one- and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

50.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs and other similarly-situated individuals one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

51.     Plaintiff Esparza was an employee of Defendant Anning-Johnson.

52.     Plaintiff Valle was an employee of Defendant Anning-Johnson.

53.     Plaintiffs and other similarly situated individuals were "employees" and Defendant Anning-Johnson was an "employer" under the FLSA § 203.

54.     Defendant Anning-Johnson's violations of the FLSA were repeated, knowing, willful, and intentional.

55.     WHEREFORE, Defendant is liable to Plaintiffs, and all other similar situated individuals, under the FLSA § 216(b), for all unpaid overtime wages, plus an equal amount in liquidated damages, interest, attorney's fees, costs, and any other and further relief this Court deems appropriate.

<u>COUNT II</u>
**VIOLATION OF D.C. MINIMUM WAGE LAW**
**(Against All Defendants)**

56.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

57.     The MWA requires that employers pay non-exempt employees one and one-half times their regularly hourly rate for all hours over forty worked in one week.

58.     Plaintiff Esparza was an employee of Brothers and Defendant Anning-Johnson.

59.     Plaintiff Valle was an employee of S & R Construction and Defendant Anning-Johnson.

60.     Plaintiffs and other similarly situated individuals were "employees," and Defendant Anning-Johnson and its subcontractors were "employers" as defined by D.C. Code § 32-1002.

61.     D.C. Code § 32-1012(c) provides that "[a] subcontractor, including any intermediate subcontractor, and the general contractor shall be jointly and severally liable to the subcontractor's employees for the subcontractor's violations . . . ".

62.     Defendants violated the District of Columbia's minimum wage law by failing to compensate Plaintiffs and all similarly situated individuals at the rate of time-and-one-half their regular hourly rate for every hour worked in excess of forty hours in any one workweek.

63.     Defendants' violations of the District of Columbia's minimum wage law were repeated, knowing, willful, and intentional.

64.     WHEREFORE, Defendants are liable to Plaintiffs and all similarly-situated individuals for all unpaid overtime wages, plus treble that amount in liquidated damages (or such

greater amount as may be authorized by law), interest, attorneys' fees, litigation costs and any

other and further relief this Court deems appropriate.

<u>COUNT III</u>
**FAILURE TO TIMELY PAY WAGES**
**(Against All Defendants)**

65.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the

preceding paragraphs.

66.     D.C. Code § 32–1302 provides that "[a]n employer shall pay all wages earned to

his or her employees on regular paydays designated in advance by the employer and at least twice

during each calendar month."

67.     D.C. Code § 32-1303 further provides that "[w]henever an employer discharges an

employee, the employer shall pay the employee's wages" within four days and that "[w]henever

an employee … quits or resigns, the employer shall pay the employee's wages due upon the next

regular payday or within 7 days from the date of quitting or resigning, whichever is earlier."

68.     D.C. Code § 32-1301(3) defines wages to include, *inter alia*, an "overtime

premium."

69.     Plaintiff Esparza was an employee of Brothers and Defendant Anning-Johnson.

70.     Plaintiff Valle was an employee of S &R Construction and Defendant Anning-

Johnson.

71.     Plaintiffs and all similarly-situated individuals were "employees," and Defendant

Anning-Johnson and its subcontactors were "employers" as defined by D.C. Code § 32–1301.

72.     D.C. Code § 32–1303(5) further provides that "[a] subcontractor, including any

intermediate subcontractor, and the general contractor shall be jointly and severally liable to the

subcontractor's employees for the subcontractor's violations . . . ."

13

73.     Defendants unlawfully failed or refused to pay Plaintiffs and all similarly situated individuals all wages due—including their premium rate for overtime—on their regular payday.

74.     Because of their failure to pay overtime and failure to pay all wages due, Defendants failed to timely pay Plaintiffs and all similarly situated individuals their wages owed.

75.     Defendants' failure to make such payments was repeated, knowing, willful, and intentional.

76.     WHEREFORE, Defendants are liable to Plaintiffs and all similarly situated individuals for all unpaid wages, plus treble that amount in liquidated damages (or such greater amount as may be authorized by law), interest, attorneys' fees, litigation costs and any other and further relief this Court deems appropriate.

## COUNT IV

### MISCLASSIFICATION OF EMPLOYEES AS INDEPENDENT CONTRACTORS UNDER THE D.C. WORKPLACE FRAUD ACT
### (Against all Defendants)

77.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

78.     The D.C. Workplace Fraud Act, D.C. Code §§ 32.1331.01-15 prohibits employers in the construction industry from improperly classifying employees as independent contractors.

79.     D.C. Code § 32–1303(5) provides that "[a] subcontractor, including any intermediate subcontractor, and the general contractor shall be jointly and severally liable to the subcontractor's employees for the subcontractor's violations . . . .".

80.     Defendants violated the D.C. Workplace Fraud Act by knowingly and improperly classifying Plaintiffs and all similarly situated individuals as independent contractors, rather than as employees.

14

81.     Each time Defendants paid Plaintiffs and all similarly situated individuals as independent contractors rather than employees constitutes a separate violation of the WFA.

82.     WHEREFORE, Defendants are liable to Plaintiff and all similarly situated individuals for the wages, salary, employment benefits, and other compensation denied or lost to them by reason of the violations, compensatory damages, treble damages for lost wages or benefits, and up to $500 for each violation, reasonable attorneys' fees, litigation costs, and any other and further relief this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all Defendants on all counts, jointly and severally, and grant Plaintiff and all similarly situated individuals the following:

i.      Unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

ii.     Unpaid wages, plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the MWA, D.C. Code § 32-1012;

iii.    Unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the WPCL, D.C. Code §§ 32-1303(4) and 32-1308;

iv.     $500 per violation in which Plaintiffs were misclassified as independent contractors, pursuant to the WFA, D.C. Code § 32-1331.01.15.

v.      Wages, salary, employment benefits, and other compensation denied or lost to them by reason of the violations of the WFA, as well as compensatory damages and treble damages for those lost wages or benefits,

vi.  Reasonable attorneys' fees and expenses incurred in the prosecution of this action;

vii. Costs that they incur in the prosecution of this action;

viii. Prejudgment and post-judgment interest as permitted by law; and

ix.  Award any additional relief the Court deems just.


Dated:  11/19/2019                        Respectfully submitted,


                                          /s/ Matthew K. Handley
                                          Matthew K. Handley
                                          DC Bar No. 489946
                                          HANDLEY FARAH & ANDERSON PLLC
                                          777 6th Street, NW – Eleventh Floor
                                          Washington, DC  20001
                                          Telephone:    202-559-2411
                                          email: mhandley@hfajustice.com

                                          Matthew B. Kaplan
                                          D.C. Bar No. 484760
                                          THE KAPLAN LAW FIRM
                                          1100 N. Glebe Road, Suite 1010
                                          Arlington, VA 22201
                                          Telephone:  (703) 665-9529
                                          email:  mbkaplan@thekaplanlawfirm.com


                                          *Attorney for Plaintiffs*