**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FRANCISCO ESPARZA and YOLANDA VALLE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANNING-JOHNSON CO., et al.<br><br>*Defendants*. | : : : : : : : : : : : : : | Civil Action No.: 1:19-cv-03481<br><br>Judge Emmet G. Sullivan |

**ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION/COLLECTIVE ACTION SETTLEMENT**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Francisco Esparza and Yolanda Valle (collectively "Plaintiffs" or "Class Representatives") and Anning-Johnson Company ("AJC"), HITT Contracting, Inc. ("HITT"), Brothers RC Contractors LLC ("Brothers"), and S&R Construction LLC ("S&R") (collectively AJC, HITT, Brothers, and S&R are the "Defendants") have reached terms of a settlement of a putative class action/collective action.

The Class Action/Collective Action Settlement Agreement (the "Agreement") provides that the Parties stipulate to the certification of a Rule 23 Settlement Class and an FLSA Settlement Collective Class for settlement purposes only. The Agreement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in

1

the Agreement unless otherwise indicated.  A summary of the provisions of the Agreement are as follows:

- The Rule 23 Settlement Class is: "all individuals identified in Exhibit G to [the] Agreement, which comprises individuals who: (1) performed construction work for Brothers in Washington, D.C. or performed work for S&R anywhere, between November 1, 2016 and December 31, 2019; (2) performed such work on a project where Brothers or S&R was a subcontractor of AJC; (3) were paid or were required to be paid on an hourly basis and were allegedly paid less than what was required to be paid under D.C. law or were allegedly improperly misclassified and paid as if they were independent contractors rather than employees; and (4) whose identities were provided by Defendants to Settlement Class Counsel prior to the execution of [the] Agreement."  (Agreement, Section I.zz.).

- The FLSA Settlement Collective Class is: all individuals who both "(1) performed construction work for Brothers or S&R in D.C., Maryland or Virginia between November 1, 2016 and December 31, 2019; (2) performed such work on a project where Brothers or S&R was a subcontractor of AJC; (3) were paid or required to be paid on an hourly basis and worked over 40 hours in a workweek but did not receive one and one half times their regular hourly rate of pay for hours worked over 40 in a workweek; and (4) whose identities were provided by Defendants to Settlement Class Counsel prior to the execution of [the] Agreement" and "opt in to the FLSA collective action and settlement herein by timely submitting the Opt-in or Opt-in/Claim Form."  (Agreement, Section I.dd.)

- Defendants have agreed to pay up to Four Hundred Thousand Dollars ($400,000.00), which is the "Settlement Cap."  (Agreement, Section I.ggg.).  In addition to the Settlement Cap,

2

Defendants have also agreed to pay the employer portion of state and federal payroll taxes due on the portion of each Individual Settlement Payment that is classified as W-2 Damages.  (Agreement, Section I.nnn.).

- The Individual Settlement Payments will be calculated as follows:

  o If the total of all of the Baseline Settlement Amounts for all Settlement Group Members is less than or equal to the Settlement Cap, then each Settlement Group Member shall be paid his or her corresponding Baseline Settlement Amount.

  o If the total of all Baseline Settlement Amounts for all Settlement Group Members is more than the Settlement Cap, then the total amount paid to each Settlement Group Member shall be reduced on a pro-rated basis so that the aggregate payments to all Settlement Group Members equal the Settlement Cap.

  (Agreement, Section IV.b.)

- Defendants have also agreed to pay the Class Representatives Eight Thousand Dollars ($8,000.00) as a Service Award, with each Class Representative receiving Four Thousand Dollars ($4,000.00).  (Agreement, Section VI.a.).  Defendants have also agreed to pay Settlement Class Counsel's attorneys' fees, costs, and expenses incurred in this matter in an amount of Two Hundred and Ten Thousand Dollars ($210,000.00).  (Agreement, Section VII.a.).  The Service Awards and Settlement Class Counsel's fees and costs will not be deducted from the Settlement Cap or any payment that would otherwise be due to individuals who participate in the Settlement.  (Agreement, Sections VI.a. & VII.a.).

3

- AJC has also agreed to pay the costs of administering the Settlement. (Agreement, Section VIII.b.). AJC has also paid the Plaintiffs' share of the costs of the mediation that resulted in this Settlement. (Agreement, Section VII.b.).

- By entering into the Agreement, Defendants do not admit any liability or wrongdoing of any kind associated with the Claims brought in the Lawsuit and expressly deny same. (Agreement, Section XVI.a.).

After reviewing the Agreement, the Proposed Collective Action Settlement Notice, the Proposed Class Action/Collective Action Settlement Notice, the Opt-in Form, the Opt-in/Claim Form and other related documents, and having heard the argument of Counsel for the respective parties, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court preliminarily finds that the proposed Rule 23 Settlement Class satisfies the requirements of a settlement under Rule 23 of the Federal Rules of Civil Procedure. The Rule 23(a) requirements are satisfied, preliminarily and for settlement purposes, because the proposed class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of Plaintiffs are typical of the claims of the class, and Plaintiffs will fairly and adequately protect the interests of the class. The requirements of Rule 23(b)(3) are satisfied, preliminarily and for settlement purposes, because questions of law or fact common to class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

2. The Court conditionally finds that the proposed FLSA Settlement Collective Class satisfies the requirements of a settlement under the Fair Labor Standards Act. The Fair Labor

4

Standards Act requirements are satisfied, for settlement purposes, because the members of proposed FLSA Settlement Collective Class are similarly situated.

3. The Parties' Agreement is granted preliminary approval as it meets the criteria of preliminary settlement approval under Rule 23(e)(1)(B). The Court has received information sufficient to show that the Court will likely be able to ultimately approve the Agreement under Rule 23(e)(2) and certify the Final Rule 23 Settlement Class for purposes of final judgment. Based on the information received by the Court, the Court will likely be able to ultimately find that the Class Representatives and Settlement Class Counsel have adequately represented the Rule 23 Settlement Class, that the Agreement was negotiated at arm's-length, that the relief provided to the Rule 23 Settlement Class is adequate, and that the Agreement treats all Potential Settlement Group Members equitably relative to each other.

4. The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed and also transmitted via e-mail and text message (if e-mail addresses and cellular telephone numbers are available) to all Potential Settlement Group Members and such notice is the best notice practicable. The Parties' proposed Collective Action Settlement Notice, Class Action/Collective Action Settlement Notice, Opt-in Form, and Opt-in/Claim Form are sufficient to inform Rule 23 Settlement Class Members and Potential FLSA Settlement Collective Class Members of: the terms of the Agreement; their rights under the Agreement; their right to receive an Individual Settlement Payment and the process for submitting a claim for payment; Rule 23 Settlement Class Members' option to object to the Agreement or any portion thereof or to elect not to participate in the Settlement and the

91080876v.6

processes for doing so; the right of Potential FLSA Collective Class Members to opt in to the Settlement and the procedures for doing so; and the date and location of the final approval hearing.    The proposed Collective Action Settlement Notice and Class Action/Collective Action Settlement Notice, Opt-in Form, and Opt-in/Claim Form are approved.

5.    The following persons are conditionally certified as Rule 23 Settlement Class Members solely for the purpose of entering a settlement in this matter:

> all individuals identified in Exhibit G to the Agreement, which comprises individuals who: (1) performed construction work for Brothers in Washington, D.C. or performed work for S&R anywhere, between November 1, 2016 and December 31, 2019; (2) performed such work on a project where Brothers or S&R was a subcontractor of AJC; (3) were paid or were required to be paid on an hourly basis and were allegedly paid less than what was required to be paid under D.C. law or were allegedly improperly misclassified and paid as if they were independent contractors rather than employees; and (4) whose identities were provided by Defendants to Settlement Class Counsel prior to the execution of the Agreement.

6.    The following persons are conditionally certified as FLSA Settlement Collective Class Members solely for the purpose of entering a settlement in this matter:

> all individuals who: (1) performed construction work for Brothers or S&R in D.C., Maryland or Virginia between November 1, 2016 and December 31, 2019; (2) performed such work on a project where Brothers or S&R was a subcontractor of AJC; (3) were paid or required to be paid on an hourly basis and worked over 40

6

hours in a workweek but did not receive one and one half times their regular hourly rate of pay for hours worked over 40 in a workweek; (4) whose identities were provided by Defendants to Settlement Class Counsel prior to the execution of the Agreement; and (5) opt in to the FLSA collective action and settlement herein by timely submitting the Opt-in or Opt-in/Claim Form.

7.  Subject to final approval by the Court and other terms and conditions of the Agreement (including the option by AJC to terminate the Agreement if more than 10% of the Rule 23 Settlement Class Members request exclusion), Final Rule 23 Settlement Class Members will be bound by the terms of the Agreement applicable to Final Rule 23 Settlement Class Members (including the release set forth in Section XIII.c. of the Agreement and in the "Rule 23 Settlement Class Release" in the Class Action/Collective Action Settlement Notice) unless they submit a timely and proper Request for Exclusion in accordance with the Agreement.  A Request for Exclusion must be postmarked within 75 days of the transmittal of the Class Action/Collective Action Settlement Notice by the Settlement Administrator.

8.  Subject to final approval by the Court and other terms and conditions of the Agreement, Potential FLSA Settlement Collective Class Members will be bound by the terms of the Agreement applicable to FLSA Settlement Collective Class Members (including the release set forth in Section XIII.d. of the Agreement and in the "FLSA Settlement Collective Class Release" in the Collective Action Settlement Notice and the Class Action/Collective Action Settlement Notice) only if they consent to join the FLSA Settlement Collective Class by submitting a timely Opt-in Form or Opt-in/Claim Form.

Plaintiffs are already FLSA Settlement Collective Class Members because they have filed a consent to join form.  In accordance with the Agreement, Potential FLSA Settlement Collective Class Members must transmit a completed Opt-in Form or Opt-in/Claim Form within 75 days of the transmittal of the Collective Action Settlement Notice or the Class Action/Collective Action Settlement Notice by the Settlement Administrator.

9.  Rust Consulting is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Agreement.

10. Plaintiffs Francisco Esparza and Yolanda Valle are preliminarily appointed as the Class Representatives for settlement purposes only, as set forth in the Agreement.

11. Matthew B. Kaplan of The Kaplan Law Firm and Matthew K. Handley of Handley Farah & Anderson PLLC are preliminarily appointed as Settlement Class Counsel for settlement purposes only, as set forth in the Agreement.

12. Not later than seven days after the date of this Order, Brothers and S&R are directed to provide the Settlement Administrator the Contact Information of Rule 23 Settlement Class Members and Potential FLSA Settlement Class Members that can be located after a diligent search.  Contact Information includes the (i) full name and any alternative names, (ii) last-known mailing address; (iii) Social Security or other tax identification number; (iv) e-mail address; and (v) telephone number.  This information is to be provided in a spreadsheet or other reasonably-usable electronic format.  If Settlement Class Counsel requests such information, the Settlement Administrator may provide it to them.  Otherwise, the Settlement Administrator shall keep all such information strictly confidential and will use such information only for purposes of administering the Settlement.

13. Not later than seven days after the date of this Order, Settlement Class Counsel shall provide the Settlement Administrator the Agreement and all associated exhibits along with any Contact Information for each Rule 23 Settlement Class Member and Potential FLSA Settlement Collective Class Member in Settlement Class Counsel's possession.

14. The Settlement Administrator is directed to transmit the approved Collective Action Settlement Notice (Exhibit B-1 to the Agreement) and Opt-in Form, in English and Spanish, by first-class mail and text message or e-mail (if e-mail addresses or cellular phone numbers are available) to Potential Settlement Group Members who are not Rule 23 Settlement Class Members not later than 33 days after the date of this Order in accordance with the Agreement.

15. The Settlement Administrator is directed to transmit the approved Class Action/Collective Action Settlement Notice (Exhibit B-2 to the Agreement) and Opt-in/Claim Form, in English and Spanish, by first-class mail and text message or e-mail (if e-mail addresses or cellular phone numbers are available) to Rule 23 Settlement Class Members not later than 33 days after the date of this Order in accordance with the Agreement.

16. A final approval hearing will be held on October 7, 2021 at 1:00 PM to determine whether the Settlement should be granted final approval as to the Settlement Group Members.  At that time, the Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Plaintiffs' request for Service Awards and Settlement Class Counsel's request for an award of attorneys' fees and costs.

91080876v.6

17. Settlement Class Counsel shall file their motion seeking attorneys' fees and costs and the motion for Service Awards for the Class Representatives as described in the Settlement Agreement on or before September 7, 2021, and such motions will be heard by the Court in conjunction with the motion for final approval of the Settlement.

18. Rule 23 Settlement Class Members and their counsel may comment on or object to the Settlement, the potential Service Awards, and the attorneys' fees and costs to be requested by Settlement Class Counsel, if they so desire, in accordance with the procedures set forth in the Class Action/Collective Action Settlement Notice and the Agreement. Any Rule 23 Settlement Class Member who wishes to comment on or object to the Settlement or any aspect of the Settlement, including Settlement Class Counsel's requested attorneys' fees and costs or the Class Representatives' requested Service Awards must file his or her comment or objection with the Court and serve Settlement Class Counsel and Defendants' Counsel, in accordance with the Agreement, within 75 days of the transmittal of the Class Action/Collective Action Settlement Notice by the Settlement Administrator. Objections must comport with Rule 23(e)(5)(A).

19. As set forth in the Agreement, any Rule 23 Settlement Class Member who has submitted a timely written objection (and who has not requested exclusion from the Settlement Group) may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for Service

Awards to the Class Representatives or the motion for Settlement Class Counsel's attorneys' fees and costs.  For any comments or objections to be considered at the hearing, Rule 23 Settlement Class Members must file and serve a timely written objection (i.e., within 75 days of the transmittal of the Class Action/Collective Action Settlement Notice by the Settlement Administrator).

20. Plaintiffs will file a Final Approval Motion in accordance with the Agreement, including with such Motion the Parties' Joint Proposed Final Order and Final Judgment.  The Final Approval Motion will identify the names of the Settlement Group Members and will include the valid and timely Opt-in and Opt-in/Claim Forms returned by the Settlement Group Members.  The Final Approval Motion will respond to any objections to the Settlement filed by any Final Rule 23 Settlement Class Members.  Plaintiffs will file the Final Approval Motion in accordance with the timeframes set forth in the Agreement.

21. The Court reserves the right to continue the date of the final approval hearing without further notice to Settlement Group Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

22. This Order, which conditionally certifies a class action and collective action for settlement purposes only, shall not be cited in this or any other matter for the purpose of seeking certification of a class or collective action, seeking or opposing decertification of a class or collective action, or for any other purpose, other than enforcing the terms of the Agreement. In the event that the Court does not grant final approval of the Agreement, or if the Agreement is otherwise terminated pursuant to its terms, this Order (including the preliminary/conditional certification of the Rule 23 Settlement Class and FLSA Settlement

11

Collective Class) shall be vacated, and this Order shall not be relied upon, referred to, or used in any way for any purpose in connection with any further proceedings in this or any other action, including class certification or collective action certification proceedings. Furthermore, in the event that the Court does not grant final approval of the Agreement, or if the Agreement is otherwise terminated pursuant to its terms, any Opt-in Forms or Opt-in/Claim Forms completed by Rule 23 Settlement Class Members or FLSA Settlement Collective Class Members shall be null and void.

**SO ORDERED** on the 7th day of April, 2021.

_____
**EMMET G. SULLIVAN**
**United States Judge**

**Agreed Upon By:**

Settlement Class Counsel

Matthew B. Kaplan
The Kaplan Law Firm
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
Telephone: (703) 665-9529
MBKaplan@thekaplanlawfirm.com

Matthew K. Handley
Handley Farah & Anderson PLLC
777 6th Street NW
Washington, DC 20001
Telephone: (202) 559-2411
mhandley@hfajustice.com

12

Defendants' Counsel

Stephen P. Murphy
Kevin D. Kelly
LOCKE LORD LLP
111 S. Wacker Dr. Suite 4100
Chicago, Illinois 60606
Telephone: (312) 443-0217
kkelly@lockelord.com
*Counsel for Defendant AJC*

Christine M. Burke
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, VA 22314
Telephone: (703) 684-1812
cburke@lorengercarnell.com
*Counsel for Defendant HITT*

Zach Miller
McClanahan Powers, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (03) 520-1326
zmiller@mcplegal.com
*Counsel for Defendant Brothers*

Albert Wilson Jr.
Veda Law, LLC
8720 Georgia Ave, Suite 700
Silver Spring, MD 20910
Telephone: (240) 839-4153
awilson@vedalaw.com
*Counsel for Defendant S&R*

13