IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCISCO ESPARZA and YOLANDA VALLE, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ANNING-JOHNSON CO., et al.

Defendants.

Civil Action No.: 1:19-cv-03481

Judge Emmet G. Sullivan

FILED
OCT 26 2021
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION/COLLECTIVE ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Francisco Esparza and Yolanda Valle (collectively "Plaintiffs" or "Class Representatives") and Anning-Johnson Company ("AJC"), HITT Contracting, Inc. ("HITT"), Brothers RC Contractors LLC ("Brothers"), and S&R Construction LLC ("S&R") (collectively AJC, HITT, Brothers, and S&R are the "Defendants") have reached terms of a settlement of a putative class action/collective action.

On April 7, 2021, this Court: (1) certified a class for settlement purposes; (2) certified a collective class under the Fair Labor Standards Act for settlement purposes; (3) preliminarily approved the terms of the proposed class action/collective action Settlement; and (4) authorized notice to the Rule 23 Settlement Class Members and Potential FLSA Settlement Class Members of the terms of the proposed Settlement. Having completed the process of providing notice to the

1

Rule 23 Settlement Class Members and the Potential FLSA Settlement Class Members, and no objectors having come forward, Plaintiffs move for final approval of a class action and collective action settlement of the claims asserted against Defendants in this action, memorialized in the Class Action/Collective Action Settlement Agreement ("Settlement Agreement" or "Agreement"). Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless otherwise indicated.

After reviewing the Settlement Agreement, Plaintiffs' Unopposed Motion for Final Approval of a Class Action/Collective Action Settlement, Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards, and other related documents, and having heard the argument of the Attorneys for the respective Parties, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court has jurisdiction over the Parties to this action, including all members of the Final Rule 23 Settlement Class and FLSA Settlement Collective Class as defined in the Settlement Agreement.

2. The Court finds, for purposes of settlement only, that the proposed Final Rule 23 Settlement Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23. The requirements of Rule 23(a) are satisfied because the Final Rule 23 Settlement Class is so numerous that joinder of all Final Rule 23 Settlement Class members is impracticable, there are questions of law or fact common to the Final Rule 23 Settlement Class, the claims of Plaintiffs are typical of the claims of the Final Rule 23 Settlement Class, and Plaintiffs will fairly and adequately protect the interest of the Final Rule 23 Settlement Class. The requirements of Rule 23(b)(3) are satisfied because questions of law or fact common to the Final Rule 23 Settlement Class Members

predominate over any questions affecting only individual Final Rule 23 Settlement Class Members, and the class action device is superior to other available methods for fairly and efficiently adjudicating this controversy. Accordingly, solely for purposes of effectuating the Settlement, the Court hereby certifies the Final Rule 23 Settlement Class.

3. The Court finds that the proposed FLSA Settlement Collective Class satisfies the applicable standards for certification of a collective action under the Fair Labor Standards Act ("FLSA"). The FLSA requirements are satisfied, for settlement purposes, because the members of the FLSA Settlement Collective Class are similarly situated. Accordingly, solely for purposes of effectuating this Settlement, the Court hereby certifies the FLSA Settlement Collective Class.

4. The Court hereby grants final approval of the Settlement Agreement as it meets the criteria for final settlement approval. The Settlement is fair, adequate, and reasonable; appears to be the product of arm's-length and informed negotiations; treats all Final Rule 23 Settlement Class Members and FLSA Settlement Collective Class Members equitably relative to each other; and the Class Representatives and Settlement Class Counsel have adequately represented all Final Rule 23 Settlement Class Members and FLSA Settlement Collective Class Members.

5. The Parties' notice plan approved by the Court was complied with. Specifically, the Settlement Administrator transmitted the approved Collective Action Settlement Notice and Opt-in Form, in English and Spanish, by first-class mail (and instructions regarding how to obtain these documents by text message where cellular phone numbers were available) to Potential Settlement Group Members who were not Rule 23 Settlement Class

Members, and the Settlement Administrator transmitted the approved Class Action/Collective Action Settlement Notice and Opt-in/Claim Form, in English and Spanish, by first-class mail and text message or e-mail (when e-mail addresses or cellular phone numbers were available) to Rule 23 Settlement Class Members. Follow-up efforts were made to send the appropriate Notice to those individuals whose original Notices were returned as undeliverable. The Collective Action Settlement Notice, the Class Action/Collective Action Settlement Notice, Opt-in Form, and Opt-in/Claim Form all adequately informed Rule 23 Settlement Class Members and Potential FLSA Settlement Collective Class Members of: the relevant and necessary parts of the proposed Settlement Agreement; their rights under the Settlement Agreement; their right to receive an Individual Settlement Payment and the process for submitting a claim for payment; Rule 23 Settlement Class Members' option to object to the Settlement Agreement or any portion thereof or to elect not to participate in the Settlement and the processes for doing so; the right of Potential FLSA Settlement Collective Class Members to opt in to the Settlement and the procedures for doing so; and the date and location of the final approval hearing.

6. The Court has determined that the Class Action/Collective Action Settlement Notice given to the Rule 23 Settlement Class Members fully and accurately informed the Rule 23 Settlement Class of all material elements of the proposed Settlement, constituted the best practicable notice to all members of the Rule 23 Settlement Class Members, and fully meets the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements. The Court has determined that the Collective Action Settlement Notice given to the Potential FLSA Settlement Collective Class Members fully and accurately

informed the Potential FLSA Settlement Collective Class Members of all material elements of the proposed Settlement, constituted the best practicable notice to all members of the Potential FLSA Settlement Collective Class, and fully meets the requirements of the Fair Labor Standards Act and all applicable constitutional requirements.

7. There were no requests for exclusion from the Settlement. The names of the 223 Final Rule 23 Settlement Class Members (including Class Representatives) have been filed with the Court in conjunction with Plaintiffs' Unopposed Motion for Final Approval of a Class Action/Collective Action Settlement. The Court hereby orders that all Final Rule 23 Settlement Class Members have released all claims settled under the terms of Section XIII.c of the Settlement Agreement. All Final Rule 23 Settlement Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by Section XIII.c of the Settlement Agreement.

8. Having received no objections, and the time for submitting such objections having passed, the Court finds that no valid objections have been submitted and no objections will be considered by the Court. Final Rule 23 Settlement Class Members and FLSA Settlement Collective Class Members who did not timely object to the Settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order.

9. A total of 81 individuals validly and timely opted-in to the FLSA Settlement Collective Class, including the Class Representatives. A total of six individuals submitted Opt-In Forms or Opt-In/Claim Forms that were not timely submitted on or before the Bar Date. These six individuals are: Alfonso Lopez; Alfonso Lopez Carrera; Edilson Gutierrez; Juan

Martinez; Marcos Carillo; and Walter Veizaga. All six of these untimely Opt-In Forms or Opt-In/Claim Forms were received by the Settlement Administrator on or before August 20, 2021. The Parties do not object to the inclusion of these six individuals within the FLSA Settlement Collective Class notwithstanding their untimely submission of the required Opt-In Form or Opt-In/Claim Form. No prejudice will result from the inclusion of these six individuals within the FLSA Settlement Collective Class and their inclusion in the FLSA Settlement Collective Class will not delay the conclusion of this matter. Accordingly, the Court deems these six individuals (i.e., Alfonso Lopez; Alfonso Lopez Carrera; Edilson Gutierrez; Juan Martinez; Marcos Carillo; and Walter Veizaga) to be included in the FLSA Settlement Collective Class notwithstanding their belated submission of the required Opt-In Form or Opt-In/Claim Form. This results in a grand total of 87 individuals in the FLSA Settlement Collective Class (including Class Representatives). The names of these individuals and the written consent by such individuals to join this action were filed with the Court in conjunction with Plaintiffs' Unopposed Motion for Final Approval of a Class Action/Collective Action Settlement and, in the case of the Class Representatives, the consents were also filed with the Court earlier in this action.

10. The Court hereby orders that all FLSA Settlement Collective Class Members have released all claims settled under the terms of Section XIII.d of the Settlement Agreement. All FLSA Settlement Collective Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by Section XIII.d of the Settlement Agreement.

11. The Settlement embodied in the Settlement Agreement is not an admission by Defendants nor is this Order a finding of the validity of any claims in the Lawsuit or of any wrongdoing by Defendants. Neither this Order, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement may be construed as, or may be used as, an admission by or against Defendants of any fault, wrongdoing, or liability whatsoever.

12. Plaintiffs Francisco Esparza and Yolanda Valle are appointed as Class Representatives for purpose of settlement. The Court awards Class Representative Francisco Esparza a Service Award of $4,000.00 as fair and reasonable compensation for his services. The Court awards Class Representative Yolanda Valle a Service Award of $4,000.00 as fair and reasonable compensation for her services.

13. Matthew B. Kaplan of the Kaplan Law Firm and Matthew K. Handley of Handley Farah & Anderson PLLC are appointed as Settlement Class Counsel for purposes of Settlement. Plaintiffs' application for attorneys' fees, costs and expenses in the amount of $210,000.00 is granted.

14. The Total Amount shall be dispersed in accordance with the Settlement Agreement.

15. The Court finds that no just reason exists for delay in entering this Judgment and Final Approval Order. Accordingly, this Order shall constitute a final judgment with respect to the claims of the Class Representatives, the Final Rule 23 Settlement Class, and the FLSA Settlement Collective Class for purposes of Rule 58 of the Federal Rules of Civil Procedure.

16. The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing, and/or administering the Settlement or enforcing the terms of the Judgment.

17. The Amended Class and Collective Action Complaint in this action is hereby dismissed in its entirety with prejudice.

18. This Order and Judgment is a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED on the 26th day of OCT., 2021.

_____
THE HONORABLE JUDGE EMMET G. SULLIVAN